In the Matter of the Claim of HELEN FARONE, Respondent, v. MANDELBAUM & KANNER and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 16, 1928.

Workmen's compensation — hearing — improper to permit interpreter to converse with claimant and to permit chief interpreter to interrupt in claimant's behalf — no showing that claimant derived illegal advantage — finding of State Industrial Board on question of fact conclusive — award affirmed.

It was improper for the referee to permit the interpreter to enter into conversation with the claimant while acting as interpreter and to permit the chief interpreter to interrupt, apparently in behalf of the claimant. But it does not appear that the claimant derived any illegal advantage from the improper conduct and, since a question of fact was presented, the finding of the State Industrial Board is conclusive, and the award is affirmed.

APPEAL by Mandelbaum & Kanner and another from an award of the State Industrial Board, made on the 9th day of December, 1927.

M. Vartan Malcom [Bernard J. Vincent of counsel], for the appellants.

Harold Flatto, for the claimant, respondent.

Albert Ottinger, Attorney-General [E. C. Aiken, Assistant Attorney-General, of counsel], for the respondent State Industrial Board.

WHITMYER, J. The employers are manufacturers of men's coats and claimant was a button hole maker in their employ. She was injured on Saturday, November 6, 1926, at about four P. M., while she was walking from her work table to the dressing room at her employers' plant, to prepare to leave for the day. She had worked in the same place for five years and had used the same way, during her service, without mishap. On this occasion, she slipped and fell and sustained a fracture of the right femur and other injuries. As the result, her right leg is one and one-eighth inches shorter than the left and her back was injured. She is compelled to wear a brace on the right hip, with a pelvic band, and to use crutches. The employers' report admits that she fell, as stated, and sustained the fracture, and the Board so found. The objections are that her claim is fabricated and that the accident did not arise out of her employment. At the first hearing, where evidence was taken, she testified that she did not notice anything on the floor and did not feel weak, or stub her toe, or trip or slip, but that she fell and did not know the cause. Thereupon, the referee announced that he was obliged to disallow her claim. Later,

after the case had been restored to the calendar, she testified that oil was on the floor and that she slipped. And, when her attention was called to her previous testimony, she explained that she was sick at that time and could not remember. It is undisputed that she fell and was injured. The Board accepted her testimony and made the award. She was sworn through an interpreter and the employer and carrier severely criticize the referee, because he permitted discussions between her and the interpreter and interruptions by the chief interpreter, apparently in her interest. The criticisms are proper and the referee should not have permitted such a situation to arise or to continue. Claimants have advantages under the law and, to say the least, employers and carriers are entitled to hearings free from any indications or suspicions of favor toward claimants, in the conduct of the hearings. But the record here does not show that claimant derived an illegal advantage and, since a question of fact was presented, the finding of the Board is conclusive.

The award should be affirmed.

VAN KIRK, P. J., HINMAN, DAVIS and HILL, JJ., concur.

Award unanimously affirmed, with costs to the State Industrial Board.